## W. H. GRIFFIN ET AL. v. O. P. ARNOLD ET AL.

### SUPREME COURT, AUSTIN TERM, 1882.

*Practice—Rule for costs—Defective affidavit—Dismissal of cause—Reinstatement.*—As to whether a case should be reinstated upon the docket, was a matter largely resting within the discretion of the court, and an exercise of that discretion will not be reviewed unless a strong case is made, showing an improper exercise of it.

Appeal from the District Court of Hill county.—This case was dismissed for the want of security for costs. The suit was brought in the District Court of Johnson county, where the clerk filed a motion for a rule of costs against appellants, who were plaintiffs in the case, on April 8, 1873. On April 14, 1873, the plaintiffs presented a bond for costs, which the clerk refused to approve. August 22, 1873, the court entered an order requiring the plaintiffs to give bond for the costs. December 9, 1873, they filed an informal and defective affidavit to the effect that the bond theretofore offered by them was good, and that they could not make any better or more solvent bond. The case was subsequently sent to the District Court of Hill county on change of venue, where, on the twenty-third day of June, 1875, the defendants moved the court to dismiss the case, because the plaintiffs had failed to give the bond, when the attorney for plaintiff objected on the ground that no service was shown to have been made upon plaintiffs of the motion for costs, and agreed then to accept service of motion, to relate back to its original filing and embrace, without objection, the rule that had already been entered in Johnson county District Court, and agreed that the bond should be given at that term of the court, or the suit should be dismissed. This was all in open court. Next day W. H. Griffin, who

was one of the plaintiffs, and was representing, as an attorney, him-self and wife, came into open court and consented to the agree-ment. The court announced to the parties, in open court, that if the bond was not given, that the case would be dismissed. Subse-quently, at the same term of court, the plaintiffs and defendants made and filed a written argreement to continue the case, and on the last day of the term the clerk of the District Court of Johnson county, who had filed the motion, asked the court to dismiss the case, for want of the cost bond, which was done by the court.

The plaintiffs filed a motion to set aside the judgment of dis-missal and reinstate the case. Upon hearing at the next term, the court overruled the motion, and the plaintiffs appealed.

Opinion by Watts, J.—As to whether the case should be rein-stated upon the docket, was a matter resting largely within the dis-cretion of the court; and an exercise of that discretion will not be reviewed, unless a strong case is made showing an improper exer-cise of it. (Houston v. Sublett, 1 Texas, 526; Hays v. Cage, 2 Texas, 504.

A careful examination of the record in this case fails to show such manifest abuse of discretion upon the part of the court below, in refusing to reinstate the case, as would authorize this court to re-vise and control the same.

The judgment of the court below ought to be affirmed.